FILED
 2009 May-06  AM 10:32
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

CORDELL LETRON COLBERT,  )
                         )
          Plaintiff      )
                         )
     vs.                 )     Case No.  2:08-cv-01640-WMA
                         )
UNITED STATES OF AMERICA,)
et al.,                  )
                         )
          Defendants     )

## MEMORANDUM OF OPINION

The magistrate judge filed a report and recommendation on March 17, 2009, recommending that this action filed pursuant to 42 U.S.C. § 1983 and *Bivens* be dismissed under 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted.  The plaintiff filed objections to the report and recommendation on March 30, 2009.  (Doc. #5).

In his objections, the plaintiff asserts that he does not seek monetary relief based on the defendants' alleged constitutional violations but only a declaratory judgment concerning his "rights under Alabama law as it relates to possessing a

firearm for lawful purposes."[1]  (Doc. #5 at 3).  The plaintiff asserted in his complaint that his "conviction and sentence were based upon lawful procedural actions and he was prejudiced as a direct result . . . ."  (Compl at 6).  The plaintiff ultimately seeks to be "discharged from all liability."  (Compl. at 8).

The Eleventh Circuit Court of Appeals has held that "declaratory or injunctive relief claims which are in the nature of habeas corpus claims – *i.e.*, claims which challenge the validity of the claimant's conviction or sentence and seek release – are simply not cognizable under § 1983."  *Abella v. Rubino*, 63 F.3d 1063, 1066 (11th Cir. 1995).  This rule applies equally to *Bivens* actions.  *Id.*; *see Edwards v. Balisok*, 520 U.S. 641, 648 (1997)(a prisoner's "claim for declaratory relief and money damages" that necessarily implies the invalidity of the action taken against the prisoner "is not cognizable under § 1983" unless such action has previously been overturned).  Therefore, to the extent the plaintiff requests declaratory relief, such request is not cognizable under § 1983 or *Bivens*.  Instead, the plaintiff's claims must be brought in a habeas corpus action. [2]

---

[1] The plaintiff also complains that the magistrate judge failed to mention that the weapon he was accused of possessing unlawfully was dropped into his lap by a "female employee of a strip club."  (Doc. #5 at 2).

[2] The plaintiff states in his objections that he "has a 28 U.S.C. § 2255 Motion to Vacate, Set-aside or Correct an Illegal Sentence pending in the district court."  (Doc. #5 at 3).

Having carefully reviewed and considered *de novo* all the materials in the court file, including the report and recommendation and the objections thereto, the court is of the opinion that the magistrate judge's report is due to be and is hereby ADOPTED and the recommendation is ACCEPTED. Accordingly, the complaint is due to be dismissed pursuant to 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief may be granted. A Final Judgment will be entered.

DATED this 6th day of May, 2009.

```
                              _____
                              WILLIAM M. ACKER, JR.
                              UNITED STATES DISTRICT JUDGE
```